UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS ESTRADA,<br><br>               Plaintiffs,<br><br>vs.<br><br>MB FOOD PROCESSING, INC. a/k/a MURRAY'S CHICKEN,<br><br>               Defendant. | Civil Action No. 7:18-cv-11915-NSR<br><br>**<u>STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER</u>** |

**WHEREAS,** Plaintiff Luis Estrada ("Plaintiff") and Defendant MB Food Processing, Inc. a/k/a Murray's Chicken ("Defendant") are presently engaged in discovery; and

**WHEREAS,** some information sought by the Plaintiff and/or Defendant (collectively, the "Parties") or contained in documents sought by the Parties is of a confidential and/or proprietary nature; and

**WHEREAS**, the purpose of this Confidentiality Stipulation and Protective Order ("Stipulation") is to permit the Parties to discover such information and documents pursuant to procedures designed to protect and preserve the confidentiality of that material and inadvertent disclosure of privileged documents;

**IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AS FOLLOWS:**

1. "Confidential Information" as used herein means any type or classification of non-public information that is designated as "confidential" in good faith by counsel for the Parties, whether it be a document, information contained in a document, electronically-memorialized information, information revealed during a deposition, information contained in an interrogatory

answer, or any other form of information produced, given or exchanged by and among the Parties and non-parties to this litigation. The Parties and their respective counsel shall designate as "confidential" only information that the designating party produces in discovery and that the Parties reasonably believe in good faith to be (a) personal information concerning individuals who are not parties to this action, including, but not limited to, salary, personnel records, performance reviews, social security numbers, addresses and telephone numbers; (b) Defendant's non-public plans, policies or procedures; (c) information concerning Defendant's customers, vendors, or other business associates; (d) non-public financial, commercial, or other proprietary information concerning Defendant or its affiliated and/or related entities, including, but not limited to, their respective products; (e) any other personal, personnel, medical, commercial, intellectual property, financial or business information or data that the Parties in good faith believe should be afforded confidential treatment, it being understood that the designation as such is subject to review by the Court and substantiation by the designating party.

2. (a) Documents and other discovery materials may be designated as "confidential" as follows: (i) by affixing a legend so indicating to every page of the document at the time of production; (ii) by written statement of counsel for the producing party at the time of, or prior to, production that the document or material is to be treated as confidential and then promptly affixing a legend so indicating to every page of the document; (iii) by agreement in writing between the producing and receiving parties at any time and then promptly affixing a legend so indicating to every page of the document; or (iv) with respect to oral testimony, by advising the court reporter and all parties of such fact on the record during the deposition, or, in connection with the submission of an errata sheet upon review of the transcript in accordance with applicable procedural rules. Consistent with paragraph 8 of this Stipulation, should the producing

party discover that it has produced Confidential Information without complying with the foregoing, counsel for the producing party may notify counsel for the receiving party that such information produced should be designated "confidential," and for any such documents then promptly affixing a legend so indicating to every page of the document and the receiving party shall thereafter treat such information as confidential.

(b) Information designated as "confidential" shall (i) be used by the Parties only for the purpose of this action and not for any other purposes whatsoever, and (ii) not be disclosed, given, shown, discussed or otherwise communicated or made available to anyone except as provided herein. The parties agree that any violation of this paragraph 2(b) shall entitle the other party to seek immediate relief, including injunctive relief and sanctions.

3. In accordance with the provisions of paragraph 4 below, Confidential Information may be disclosed to "Qualified Persons," who shall read this Stipulation and who shall agree to maintain said information in confidence and not disclose, discuss or reveal such information to anyone else. The term "Qualified Persons" means (a) any attorney, legal assistant, secretary or clerk employed by, or a member of, Plaintiff's counsel assigned to this litigation; (b) any attorney, legal assistant, secretary or clerk employed by, or a member of, Defendant's counsel assigned to this litigation; (c) any expert or consultant (or potential expert or consultant) employed, consulted or retained by the Parties or their respective counsel solely for the purpose of assisting such counsel in the preparation of this matter for litigation; (d) any person testifying in depositions; (e) the Parties (and any corporate successor or affiliate) to this litigation; ~~(f) any court that exercises jurisdiction in this action and any attorney, legal assistant, secretary, clerk, deputy or intern employed by the court~~; (g) any court reporter, stenographer or person operating video equipment assigned to recording testimony in this litigation; and (h) any witness (or potential witness) in

preparation for being called in good faith to testify at the trial or in a deposition in this action. The foregoing definition of "Qualified Persons" is without prejudice to a redefinition of such term agreed upon by the Parties at an appropriate future time so as to include additional categories of persons, provided such redefinition is agreed to in writing by the Parties or ordered by the Court.

4. Any information, whether oral or written, designated "confidential" may be disclosed only to Qualified Persons who, prior to such disclosure, have read this Stipulation and signed their names to a copy of Exhibit "A" attached hereto, except that (a) counsel for the Parties may sign this Stipulation on behalf of the party(ies) they represent and those Qualified Persons who are members of, or employed by, their respective firms; (b) Confidential Information may be disclosed to those Qualified Persons described in paragraph 3(g) upon their agreement on the record to maintain the confidentiality of the material; and (c) Confidential Information may be disclosed to those Qualified Persons described in paragraph 3(e) immediately upon the Court's formal endorsement of this Stipulation without further action on their part. By signing this Stipulation or Exhibit "A", each Qualified Person agrees that he or she, along with those on whose behalf he or she is acting, shall be bound by the terms of this Stipulation. All endorsed copies of Exhibit "A" shall be retained by the party's counsel that requested such Qualified Person's endorsement. Each endorsed copy of Exhibit "A" shall be made available for inspection if any good faith dispute or controversy arises concerning the respective person's obligations under this Stipulation. Should either party desire to disclose Confidential Information to any non-party witness who has declined to execute Exhibit "A" in connection with a deposition or at the trial, the party seeking to make such disclosure shall obtain the consent from the other party to this Stipulation or, if such consent is withheld, shall apply to the Court for permission to make such disclosure.

5. Each Qualified Person shall maintain all Confidential Information disclosed to him/her in confidence, shall not reveal the same to anyone other than another Qualified Person, and shall not use the Confidential Information except in connection with this litigation (including, for example, any and all motions, discovery requests, third party subpoenas, and depositions, as well as all papers submitted to the Court) or at trial or on appeal; except that nothing shall prevent disclosure beyond the terms of this Stipulation prior to trial if the designating party consents in writing to such disclosure, or if the party seeking such disclosure received approval of the Court. The use of Confidential Information in the manner described in this paragraph shall not be a violation of this Stipulation.

6. If the party receiving information that has been marked "confidential" wishes to file any Confidential Information with the Court, the receiving party shall give at least two weeks' notice to the producing party (to the fullest extent possible), or as much time as reasonably practical if unable to provide at least two weeks' notice, who shall seek to obtain the Court's permission to have the Confidential Information filed under seal. To avoid the unnecessary filing of documents under seal, counsel for the Parties may request an agreement on the filing of such documents, and such agreement will not be unreasonably withheld.

7. In the event that a party objects to the designation of certain information as "confidential", counsel for the Parties shall attempt to resolve such dispute in good faith on an informal basis. If no resolution is reached, then the producing party may ask the Court to resolve the dispute. The party seeking the designation of discovery material as "confidential" retains the burden to establish the confidential nature of said discovery material. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as confidential under the terms of this Stipulation. An objection to the designation of discovery material as

"confidential" may be made at any time. Acceptance by any party of discovery material designated as "confidential" shall not constitute a concession that any such discovery material is appropriately so designated.

8. The disclosure by one of the Parties of a document or information to a Qualified Person without designating it as "confidential" shall not constitute a waiver of that party's right to designate such document or information as Confidential Information and, if so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms herein.

9. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

10. If a disclosing party makes a claim of inadvertent disclosure or a receiving party otherwise determines that it possesses any documents that are or may be privileged, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, along with any notes, abstracts or compilations of the content thereof, and provide a certification of counsel that all such information has been returned or destroyed.

11. Within ten business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

12. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Stipulation shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

13. Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data and other information for relevance, responsiveness and/or the segregation of privileged and/or protected information before such documents or information are produced to another party.

14. By operation of the Parties' agreement in this Stipulation, So-Ordered by the Court, the Parties are specifically afforded the protections of FRE 502(d) and (e).

15. Nothing in this Stipulation shall preclude any party from seeking to modify this Stipulation.

16. At any time after a final order is issued in this litigation and all rights to appeal have expired or after any of Defendant's obligations under any settlement agreement are concluded Defendant or their counsel, may request in writing that Plaintiff and his counsel shall destroy all originals and copies of Confidential Information in their possession, control or custody and counsel for Plaintiff shall provide a declaration to that effect within ten business days of such demand in compliance with this section. To the extent that confidential material is contained in attorney-client privileged or attorney work-product documents, such material should be maintained by counsel in a confidential manner. Counsel for each party may also maintain in a confidential manner one copy of correspondence, Court filings, deposition transcripts, and exhibits containing confidential material.

17. This Stipulation shall be binding on all of the Qualified Persons listed in paragraphs 3(a), (b) and (e) immediately upon its execution by the Parties' respective counsel, and on those listed in paragraph 3(c), (d) and (h) immediately upon their execution of Exhibit "A", whether or not it is later endorsed by the Court. Following the Court's endorsement, it shall be binding on all other Qualified Persons and be enforceable as to all Qualified Persons through any sanction(s) deemed appropriate by the Court. With respect to Qualified Persons listed in paragraphs 3(c), (d) and (h), the United States District Court for the Southern District of New York shall have jurisdiction with respect to any controversy arising out of an alleged violation of this Stipulation.

18. This Stipulation may be executed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Stipulation shall be acceptable in any action against that party to enforce this Stipulation.

19. The terms of this Stipulation shall survive and remain in full force and effect after the termination of this litigation.

20. Producing or receiving discovery materials designated as "confidential" or otherwise complying with the terms of this Stipulation, shall not: (a) affect or restrict the rights of any party with respect to its or his own documents; (b) prejudice in any way the rights of any party to object to the production of documents it or he considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be "confidential"; (c) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Stipulation; (d) prejudice in any way the rights

of any party to seek a determination by the Court whether any information, documents or material, designated as "confidential" should be so designated and subject to the terms of this Stipulation; (e) prejudice in any way the rights of any party to petition the Court for a protective order relating to any material designated as "confidential"; or (f) prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to any materials designated as "confidential."

| KATZ MELINGER, PLLC | LITTLER MENDELSON, P.C. |
|---|---|
| By: /s/ Katherine Morales, Esq. | By: /s/ Alan Model, Esq. / Sandra T. Jimenez, Esq. |
| 280 Madison Avenue, Suite 600<br>New York, New York 10016<br>(212) 460-0047<br>kymorales@katzmelinger.com | One Newark Center, 8th Floor<br>Newark, NJ 07102<br>(973) 848-4700<br>amodel@littler.com<br>sjimenez@littler.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| Dated: 3/18/2020 | Dated: 3/17/2020 |

**So Ordered:**

/s/ Judith C. McCarthy

Exhibit "A"

### AGREEMENT CONCERNING CONFIDENTIAL INFORMATION

I, _____, hereby acknowledge and consent as follows:

1. A copy of the Confidentiality Stipulation and Protective Order ("Stipulation") in the matter entitled, *Luis Estrada v. MB Food Processing, Inc. a/k/a Murray's Chicken*, Civil Action No. 7:18-cv-11915-NSR, by and between counsel for the Parties has been delivered to me and has been carefully reviewed by me.

2. I fully agree to abide by the obligations and conditions set forth in the Stipulation, including, but not limited to, the condition that I will not disclose any Confidential Information, as defined in the Stipulation. I further agree not to use any Confidential Information for any purpose other than the purpose of this litigation.

3. I further subject myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of proceedings relating to my performance under, compliance with, or violation of said Stipulation.

Date: _____

Signed: _____